**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 95-20365
Summary Calendar

JIMMY LOYD GRANTHAM,

Plaintiff-Appellant,

VERSUS

GARY JOHNSON, Warden; J. COOK; RAYMOND THOMPSON,

Defendants-Appellees.

Appeal from the United States District Court
For the Southern District of Texas
(H-94-CV-2507)

October 6, 1995

Before THORNBERRY, GARWOOD and DEMOSS, Circuit Judges:

PER CURIAM:[*]

Jimmy Loyd Grantham, an inmate currently incarcerated in the Institutional Division

of the Texas Department of Criminal Justice, appeals the dismissal of his *pro se in forma*

*pauperis* civil rights complaint.  We affirm.

Background

[*]Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

In this 42 U.S.C. § 1983 complaint Grantham asserted the Appellees violated his right to be free from cruel and unusual punishment when they refused to transfer him to another unit after assaults by other inmates. He also contended that he was improperly classified and should not be forced to live on "close custody" because he is a non-violent offender. After holding a Spears hearing, the district found the complaint frivolous and dismissed it with prejudice.

Discussion

The district court may dismiss a complaint as frivolous it if lacks an arguable basis in law or fact. Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994). Such dismissal is reviewed for an abuse of discretion. *Ibid*.

At the Spears hearing Grantham testified that on March 17, 1994, inmate Virgil Thompson hit him in the head several times because he refused to participate in homosexual acts, and said that another inmate had put him up to it. Grantham further testified that on March 19, 1994, he was assaulted by inmate Philip Neal. Grantham reported these assaults and, on March 26, 1994, asked Major Cook to transfer him from the Ferguson Unit, but his request was denied. On April 10 or 12, 1994, inmate Claude Wood hit him in the head with an "Aggie handle" while he was working in the fields, because Grantham did not cut enough grass. Although he reported this attack to his case manager and to Major Cook, his transfer still was refused. The district court found there was no evidence that TDCJ officials acted with deliberate indifference to Grantham's health or safety by refusing to transfer him.

Prison officials may be held liable under § 1983 for harm inflicted by one inmate on another if: 1) the injured inmate shows he is incarcerated under conditions posing a substantial risk of serious harm, and; 2) officials are deliberately indifferent to the inmate's health or safety. Farmer v. Brennan, _ U.S. _, 114 S.Ct. 1970, 1977 (1994). To establish

2

deliberate indifference resulting in an Eighth Amendment violation, the inmate must show that prison officials acted or failed to act despite his knowledge of a substantial risk of serious harm. *Id.* at 1981. Mere lack of care by prison officials resulting in injury to an inmate does not rise to the level of abusive government conduct actionable in a § 1983 action. Davidson v. Cannon, 474 U.S. 344, 347-48, 106 S.Ct. 668, 670 (1986).

Grantham's claim does not show TDCJ officials were deliberately indifferent to his safety. Warden Doughty testified that his complaints regarding the assaults in March were investigated, Grantham was interviewed, and a determination was made not to transfer him. Grantham has not claimed he was harmed at any time after April 12, 1994, the date of the assault by Wood. Medical testimony at the hearing showed that when Grantham went to sick call on April 13, 1994, he did not complain of the injury inflicted by Wood. He testified that he was not seriously hurt by Wood, and that this incident was not related to the other assaults. Thus, it could not have been anticipated by Warden Johnson or Major Cook. Evidence at the hearing failed to establish the existence of an Eighth Amendment violation. *See* Farmer v. Brennan, 114 S.Ct. at 1981.

Grantham's second complaint is that he should not have been placed on close custody because he was not a violent offender. Major Doughty testified at the hearing that Grantham was classified as one needing safekeeping because he was mentally and physically unable to cope with larger more aggressive inmates. He also had nineteen major disciplinary cases since being incarcerated, ranging from refusing to obey an order and refusing to work, to possession of contraband. According to Doughty, Gantham was properly housed.[1] In rejecting this claim, the district court found that Grantham's claim of

---

[1] Grantham testified he had been recently transferred to a unit along with Thompson and Neal, the same inmates who he accused of assaulting him. However, Grantham has complained of no further attacks by these or any other inmates. The district court suggested that TDCJ unit officials should look into the placing of Thompson and Neal.

being wrongfully placed in close custody did not rise to the level of an Eighth Amendment violation because there was no evidence the Appellees' action was irrational, cruel, or unusual.

Prison officials have broad discretion, free from judicial intervention, in classifying inmates, and in application of policies and practices designed to maintain security and preserve internal order. McCord v. Maggio, 910 F.2d 1248, 1250-51 (5th Cir. 1990). Doughty's testimony regarding Grantham's disciplinary record was supported at the hearing with appropriate documentation, and Grantham did not deny its existence.[2] The record supports the district court's rejection of this claim.

## Conclusion

The district court did not abuse its discretion in dismissing Grantham's § 1983 action. Therefore, the judgment of dismissal with prejudice is

AFFIRMED.

---

[2] Grantham argues for the first time on appeal that he did not have two or more disciplinary convictions resulting in major penalties within the past twelve months. This issue was not presented to the district court, and so is not properly preserved for appellate review. Varnado v. Lynaugh, 920 F.3d 320, 321 (5th Cir. 1991).

4